In The United States District Court
For The District of Delaware

Kevin S Epperson
      Petitioner

Cr A No IN94-08-1484,1985
ID 9408004291

.08-240

✓

Percy Phelps, Warden and
Beau Biden ATTorney
General of The sTaTe of
Delaware



FILED

APR 25 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

TO scanned

## Memorandum of Law in Support

Petitioner comes before this Honorable
Court pursuant to fundamental Miscarriage
of Justice exception, The doctrine allowing
a federal court in a habeas corpus procee-
ding to address claims of constitutional error
that although ordinarily unreviewable
is subject to review because of a state
court procedural default that rendered
the proceedings basically unfair. A funda-
mental Miscarriage of Justice will result
if petitioners claims are not heard.

House V Bell 126 S. Ct 2064 (2006)
LLoyd Schlup 115 S.Ct 851, 513 U.S. 298 115
S. Ct 851

1

Petitioner Kevin S Epperson is in custody
pursuant to the judgment of a state court
only on the grounds that he is in custody in
violation of the Constitution or laws or
treaties of the United States.
Petitioner has fulfilled certain procedural
requirements such as having exhausted
the remedies in the court of the state.
A EDPA or any state procedural bars are
inadmissible because the absence of facts
that are prerequisites for the sentence
given to the petitioner deprived the
probative force of relevant evidence that
was either wrongly excluded or unavail-
able. No reasonable juror would have
found him guilty beyond a reasonable
doubt because a meaningful opportunity
to present a complete defense was denied.

Petitioner has asserted colorable claims
of constitutional dimension Sixth and
Fourteenth Amendments that can be
protected and enforced by law.
A Fundamental Miscarriage of Justice
will result if petitioners claims are not
heard

2

. Only water shed procedural rules are given retroactive effect so as to apply to convictions and sentences that have become final after direct appeal See id at 2523

In order to qualify as watershed rule of criminal procedure such as may applied retroactively on collateral review new rule announced in Supreme Court decision must meet two requirements

First - The rule must be necessary to prevent an impermissibly large risk of an inaccurate conviction.
Second - The rule must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.

House V Bell 126 S.Ct 2064 (2006) is necessary to prevent an impermissibly large risk of an inaccurate conviction because 5th, 6th and 14th Amendments are of the Constitution or laws or treaties of the United States that can be protected and enforced by law. Petitioner has asserted colorable claims of constitutional dimension 5th 6th and 14th Amendments that can be

3

protected and enforced by law. AEDPA
or <u>any</u> state procedural bars are
inadmissible because House V Bell <u>must</u>
be necessary to prevent an impermiss-
ibly large risk of an inaccurate con-
viction.

The absence of facts that are prereq-
uisites for the sentence given to the
petitioner deprived the probative force
of relevant evidence that was either
wrongly excluded or unavailable. No
reasonable juror would have found him
guilty beyond a reasonable doubt. A
meaningful opportunity to present a complete
defense was denied. A Fundamental
Miscarriage of Justice will result if claims
are <u>not</u> heard.

<u>House V Bell</u> 126 S.Ct 2064 (2006) alters our
understanding of the <u>bedrock</u> procedural
elements essential to the fairness of a
proceeding because House V Bell makes it
clear that it's <u>not</u> necessary to prove
with 100% certainly that the petitioner
is actually innocent in order to do what
is necessary to overcome a state pro-
cedural default. 5th 6th and 14th Amend-
ments can be protected and enforced by
federal and state law. Therefore <u>bedrock</u>
procedural elements essential to the
fairness of a proceeding apply. Petitioner
has a right to constitution protection.

4

Table of Authorities

1) <u>Antonion Rivera and Angel M Rivera</u> 515 A 2d 182 (1986)

2) <u>Crane v Kentucky</u> 106 S.Ct 2142 (1986)

3) <u>Com v Neff</u> 27 A2d 737, 149 Pa Super

4) <u>Crawford v Washington</u> 541 U.S. 36 124 S.Ct 1354 (2004)

5) <u>Holmes v South Carolina</u> 126 S.Ct 1727 (2006)

6) <u>House v Bell</u> 126 S.Ct 2064 (2006)

7) <u>Klyles v Whitley</u> 514 U.S. 419, 115 S.Ct 1555 (1995)

8) <u>Lloyd Schlup</u> 115 S.Ct 851, 513 U.S. 298 115 S.Ct 851

9) <u>United States v Oates</u> 560 F2d 45 2d Cir (1977)

10) <u>Young Bloods v West Virginia</u> 126 S.Ct 2188 2006

11) <u>id at 2523</u>

<u>Rules Constitutional Provisions</u>

Rules 803 (6, 8)(8) (B, C) 804(a) Del C Ann U.S.C.A. 5th 6th 14th Amendments Art I qcl3 Art I 10cl

5

## Nature and stage of the proceedings

Petitioner is incarcerated at Delaware
Correctional Center, In the year of 1996
petitioner was illegally found guilty of
a lesser included offense unlawful sexual
contact and degree class G felony and 1st
degree Kidnapping.
The class G felony was used illegally to
enhance 4214(a) status 40 yrs 1st degree
Kidnapping petitioner was sentence to
20 yrs suspended after 12 yrs, The remain-
der would be on probation 8 yes,
The absence of facts that prerequisites
for the sentence given to the petitioner
deprived the probative force of relevant
evidence that was either wrongly excl-
uded or unavailable,
No reasonable juror would have found him
guilty beyond a reasonable doubt, A
meaningful opportunity to present a
complete defense was denied,
A fundamental Miscarriage of Justice
will result if petitioners claims are
not heard.

# Table of Contents

Table of Authorities Page 5

Nature and stage of the proceedings Page 6

Summary of the Argument Page 10

Statement of facts Page 11

Conclusion Page 28

Arguments one, two three page 12 through 27

1) Federal and State laws were stripped. The Sixth Amendment was compromised. The unavailable DNA chemist report may not be introduced as a business record pursuant to Rules of Evid Rules 803 (6, 8)(8) (B, C) 804 (a) Del C Ann. And to do so would violate the petitioners rights to be confronted by the witnesses against him. See ex 4 8, 50 ex B-1

The absence of facts that are prerequisites for the sentence given to the petitioner deprived the probative force of relevant evidence that was either wrongly excluded or unavailable. No reasonable juror would have found him guilty beyond a reasonable doubt.

A meaningful opportunity to present a complete defense was denied. A fundamental Miscarriage of Justice will result if claims are not heard.

Argument 1

Brady response made by the state was
unacceptable in both form and substance.
Brady evidence didn't become available
to the defense before trial or during trial
because petitioner could not effectively
utilize such material at trial. Error
indefinably stripped petitioner not to
beable to obtain comparable evidence by
other reasonable available means. A-51
Violation of the fourteenth Amendment
of the Constitution of the United States
U.S.C.A. 14
Petitioner was denied a meaningful
opportunity to present a complete defense.
The absence of facts that are prerequis-
ites for the sentence given to the petit-
ioner deprived the probative force of
relevant evidence that was either wrongly
excluded or unavailable. No reasonable
juror would have found him guilty beyond
a reasonable doubt.
A Fundamental Miscarriage of Justice
will result if claims are not heard

8

# Arguments

Impeachment evidence extends to Brady
statements made by witness Agent J
Lindsey were inconsistent to A-46
Inconsistent statement ex B-1 is a
statement offered not for truth of matter
assered, but to demonstrate that witness
has in past told different story. and
therefore her trial testimony may not
be reliable U.S.C.A. 5th Amendment the
record is clear it indicates that incon-
sistent statements were made against A-46
The whole trial proceeding was prejudice.
The error indefinably had a negative
impact because evidence pursuant to - A-46
was strong enough that it's presence heard
would tilt a juror's mind.
The absence of facts that prerequisites
for the sentence given to petitioner
deprived the probative force of relevant
evidence that was either wrongly excluded
or unavailable.
No reasonable juror would have found him
guilty beyond a reasonable doubt.
Petitioner was deprived of a meaningful
opportunity to present a complete defense.
A fundamental Miscarriage of Justice
will result if claims are not heard.

9

# Summary of the Arguments

1)

Federal and State laws were stripped.
The Sixth Amendment was compromised.
The unavailable DNA chemist report may not
be introduced as a business record pur-
suant to Rules of Evid Rules 803 (6,8)(8)
(B,C) 804(a) Del c Ann. And to do so
would violate the petitioners rights to be
confronted by the witnesses against him
ex 48, 50 ex B-1
A meaningful opportunity to present a
complete defense was deprived.

2) Brady response made by the state was
unacceptable in both form and substance.
Brady evidence materially did not become
available to the defence before trial or during
trial because petitioner could not effectively
utilize such material at trial, A-51 Error
indefinably stripped petitioner not to be able
to obtain comparable evidence by other reason-
able available means. A meaningful opportunity
to present a complete defense was deprived.

3)

Impeachment evidence extends to Brady.
Statements made by Agent J Lindsey were incon-
sistent to A-46 Petitioner has a right to impeach
credibility of an adverse witness by introducing
statements inconsistent with testimony at trial.

## Statement of facts

The decision <u>Thomas V State</u> No 384, 2004
is inadmissible because it's unconstit-
utional as an expost facto law when applied
to petitioner whose alleged crime was com-
mitted Aug 12, 1994 before the statutes
enactment. Expost facto clause applies to
<u>judicial</u> action as well as <u>legisative</u>
U.S.C.A. <u>Const Art 1 10cl</u> Any substantial
doubt as to a possible deprivation of due
process of law <u>must</u> be resolved in favor
of petitioner. 5th, 6th and 14th Amend-
ments are rights that can be protected and
enforced by law federal and state. The
decision underclined attaches legal con-
sequences to acts completed before it's
effective date. And disadvantageous pet-
itioner. The underclined decision deprives
petitioner of constitution protection pur-
suant to 5th, 6th and 14th Amendments.
Prosecution con <u>not</u> use <u>any</u> expost facto
cases against petitioner because the
cases disadvantageous constitution pro-
tection depriving liberty.
A fundamental Miscarriage of Justice
will result if claims are <u>not</u> heard.

Argument 1

IN Oats the Court of Appeals thoroughly examined the legislative history of the federal rules of evidence and concluded that the clear congressional intent in enacting the rules that reports not qualifying under rule 803(8) should and would be inadmissible against pet-itioner in criminal case. The most extensive treatment of the competing application of rule 803(b) and 803(8) at the federal level appears in an early decision on this issue in <u>United States V Oates</u> 560 F2d 45 2nd Cic (1977) Because question of credibility whether of a witness or of a confession are for the jury. To undercut the petitioners trad-itional prerogative to challenge violates state and federal laws. <u>ex 48,50</u> <u>ex B-1</u> The absence of facts that prerequisites for the sentence given deprived petitioner of relevant evidence that was either wrongly excluded or unavailable. No reasonable juror would have found him guilty beyond a reasonable doubt. A fundamental Miscarriage of Justice will result if claims are <u>not</u> heard.

Petitioner was deprived of a meaningful opportunity to present a complete defense. <u>Crane V Kentucky</u> 106 S.Ct 2142 (1986)

Epperson v Snyder Act No 99-313 mem order
at 6 D Del Aug 11, 2000 ex c is inadmissible
because federal and state laws were
violated. Petitioner has the right to
confront the prosecutions witness for the
purpose of challenging their testimoney.
Antonion Rivera and Angel M Rivera 515
A 2d 182 (1986)   ex B-1
Federal and state laws were violated.
Petitioner not being able to confront the
original FBI chemist who did the testing
and wrote the report deprived petitioner
of Sixth Amendment guarantee an inalien-
able right, ex 48,50 ex B-1
Report prepared by FBI forensic chemist
who was unavailable to testify was inad-
missible in DNA prosecution under either
public record exception or business record
exception to hearsay rule, ex 48, 50 ex B-1
Rules of Evid Rules 803 ( 6, 8 )( 8 ) ( B, C )
804 (a) Del C Ann
Petitioner was deprived of a meaningful
opportunity to present a complete defense.

To introduce FBI forensic report as evidence
would violate the petitioners rights to be
confronted by the witness against him
the FBI forensic chemist report introduced
by the prosecutor related to crucial ele-
ment in the states case. It's admission

was prejudicial to the confrontation clause of the Sixth Amendment. Error indefinably cause the petitioner accordingly in the <u>Interest of Justice</u> a new trial.

The absence of facts that prerequisites for the sentence given to the petitioner deprived the probative force of relevant evidence that was either wrongly excluded or unavailable. This puts the whole case in a different light. No reasonable juror would have found him guilty beyond a reasonable doubt.

A Fundamental Miscarriage of Justice will result if claims are <u>not</u> heard.

Only watershed procedural rules are
given retroactive effect so as to apply
to convictions and sentences that have
become final after direct appeal See
id at 2523

In order to qualify as water shed rule
of criminal procedure such as may be
applied retroactively on collateral review
new rule announced in Supreme Court
decision must meet two requirements.

First The rule must be necessary to
prevent an impermissibly large risk
of an inaccurate conviction.
Second - The rule must alter our under-
standing of the bedrock procedural
elements essential to the fairness of a
proceeding.

Crawford V Washington 541 U.S. 36 124
S. Ct 1354 2004 is necessary to prevent
an impermissibly large risk of an inacc-
urate conviction because the confrontation
clause providing that accused has right
to confront and cross-examine witnesses
against him applies not only to in court
testimoney but also out-of-court statements
introduced at trial regardless of admiss-
ibility of statements under law of evidence
U.S.C. A Const Amend 6   15

Out of court statements by witnesses
that are testimonial are barred under
the Confrontation Clause unless wit-
nesses are unavailable and petitioner
had prior opportunity to cross-examine
witness regardless of whether such
statements are deemed reliable by
court abrogating Ohio V Roberts 448
U.S. 56, 100 S. Ct 2531, 65 LEd 2d 597
See ex 48, 50 ex B-1
Petitioners right to confront and cross-
examine witnesses against him under
the Confrontation Clause applies to those
who bear testimony against him which
is typically a solemn declaration or
affirmation made for purpose of est-
ablishing or proving some fact. U.S.C.A.
Const Amend 6
Hearsay is no evidence though a person
testify what he hath heard upon oath
yet the person who spake it was not
upon Oath and if a Man had been in court
and said the same thing and had not
sworn it he had not been believed in a
court of Justice for all credit being
derived from Attestation and evidence
it can rise no higher than the fountain
from whence it flows and if the first
speech was without Oath and Oath
that there was such a speech makes

it no more than a bare speaking and so of
no value in a court of justice where all
things were determined under the
solomnities of an Oath 48,50 ex B-1
Statement violated the Confrontation
Clause because where testimonial state-
ments are at issue the only indicium
of reliability sufficient to satisfy
constitutional demands is confrontation
A-48, 50 ex B-1
Crawford V Washington 541 U.S. 36 124 S.CT
1354 (2004) Must be necessary to prevent an
impermissibly large risk of an inaccurate
conviction.
The absence of facts that are prereq-
uisites for the sentence given to petitioner
deprived the probative force of relevant
evidence that either wrongly excluded
or unavailable. This puts the whole case
in a different light. No reasonable
juror would have found him guilt beyond
a reasonable doubt.
Petitioner was deprived of a meaning-
ful opportunity to present a complete
defense.
A Fundamental Miscarriage of Justice
will result if claims are not heard.

17

Crawford v Washington 541 U.S. 36 124
S. ct 1354 (2004) Alters our understanding
of the bedrock procedural elements essen-
tial to the fairness of a proceeding bec-
ause the Sixth Amendment's Confrontation
Clause provides that all criminal prosecutions
the accused shall enjoy the right to be con-
fronted with the witnesses against him,
Supreme Court agreed that this bedrock
procedural guarantee applies to both federal
and state prosecutions, ex 48,50 ex B-1 The
Confrontation Clause commands that rel-
iability be assessed in a particular manner
by testing in the crucible of cross-examination,
Epperson v Snyder Act No 99-313 mem order at
D Del Aug 11, 2000 ex c is inadmissible because
federal and state laws were violated, Pet-
itioner has a right to confront the prosecu-
tions witnesses for the purpose of challen-
ging their testimony ex B-1 The absence of
facts that are prerequisites for the sen-
tence given to the petitioner deprived the
probative force of relevant evidence either
wrongly excluded or unavailable, No reason-
able juror would have found him guilty beyond
a reasonable doubt, A fundamental Miscarr-
iage of Justice would result if claims are not
heard. Petitioner was deprived of a meaningful
opportunity to present a complete defense.
Crane v Kentucky 106 S. ct 2142 (1986)

## 2nd Argument

Brady response made by the state was
unacceptable in both form and substance.
Brady evidence did not become available
to the defense before trial or during trial
because petitioner could not effectively
utilize such material at trial. Error indefina-
bly stripped petitioner not to be able to
obtain comparable evidence by other reason-
able means. A-56
Epperson v Snyder Act No 99-313 mem order
at 6 D Del Aug 11, 2000 ex c is inadmissible
because undisclosed evidence showing of
materiality as required under Brady does
not require demonstration by preponderance
that disclosure of suppressed evidence would
have resulted ultimately in petitioners
acquittal rather touchstone of materiality
is reasonable probability of different res-
ult. U.S.C.A. Const Amends 5,14
Brady material was not disclosed to def-
ense materially A-96. Disclosure would
therefore have raised opportunities for
defense to attack the thoroughness and
would also have allowed the defense to
question the probative value of certain
crucial physical evidence. Whether
prosecutor succeeds or fails in meeting
such Brady obligation prosecution's

responsibility for failing to disclose
Known material evidence rising to
material level of importance is ines-
capable. U.S.C.A. Const Amend 5,14
Petitioner was deprived of a meaningful
opportunity to present a complete def-
ense. Crane V Kentucky 106 S.Ct 2142 (1986)
the absence of facts that prerequisites
for the sentence given to the petitioner
deprives the probative force of relevant
evidence either wrongly excluded or un-
available.
No reasonable juror would have found him
guilty beyond a reasonable doubt. This
puts the whole case in a different light.
Klyles V Whitley 514 U.S. 419, 115 S.Ct 1555

Brady violation pursuant to petitioners
judicial proceeding result or supports
an entitlement under the law of ordinary
liberty. A fundamental Miscarriage of
Justice will result if claims are not heard

Only watershed procedural rules are
given retroactive effect so as to apply
to convictions and sentences that have
become final after direct appeal See id at 2523

In order to qualify as watershed rule
of criminal procedure such as may be
applied retroactively on collateral review
new rule announced in Supreme Court
decision must meet two requirements

First- The rule must be necessary to prevent
an impermissibly large risk of an inacc-
urate conviction.
Second- The rule must alter our understand-
ing of the bedrock procedural elements
essential to the fairness of a proceeding.

Young Blood jr v West Virginia 126 S.Ct
2188 (2006) must be necessary to prevent
an impermissibly large risk of an
inaccurate conviction because Brady
extends to impeachment evidence. In-
consistent statements by witness Agent
J Lindsey were inconsistent to A-46
Inconsistent statement B-2 against
A-46 offered not for truth of matter
assertered but to demonstrate that
witness has in past told different stories,

21

Inconsistent statements by Agent J
Lindsey deprived petitioner of a
fair trial.
Petitioner has a right to impeach
credibility of an adverse witness by
introducing evidence that witness made
statements inconsistent with testimony
at trial U.S.C.A Const Amend 5,14 See
A-46 ex B-2
Young Blood sr 126 S.Ct 2188(2006) must be
necessary to prevent an impermissibly
large risk of an inaccurate conviction See
A-46 ex B-2
The absence of facts that prerequisites
for the sentence given to petitioner
deprived the probative force of relevant
evidence that was either wrongly excluded
or unavailable. No reasonable juror would
have found him guilty beyond a reason-
able doubt. Evaluating the strength of
only one party's evidence B-2 no logical
conclusion can be reached regarding
the strength of contrary evidence off-
ered by the state or rebut or cast doubt
to a jury of his peers. The record is
clear it indicates that inconsistent
statements were made against A-46
The whole proceeding was prejudice.
The error indefinably had a negative
impact because evidence pursuant to A-46

was strong enough that it's presence heard would tilt a juror's mind. The whole procedure is put in a different based on A-46 not being heard by jury. Petitioner was deprived of a meaningful opportunity to present a complete defense. <u>Crane V Kentucky</u> 106 S. Ct 2142

<u>Young Blood Sr V West Virginia</u> 126 S. Ct 2188 (2006) Alters our understanding of the <u>bedrock</u> procedural elements essential to the fairness of a proceeding because Brady extends to Impeachment evidence, Inconsistent statements offered <u>not</u> for truth of matter B-1 assered but to demonstrate that witness has in past told different story and therefore her trial testimony may <u>not</u> be reliable <u>U.S, C.A, 5th Amendment</u> Young Blood Sr V West Virginia 126 S.Ct 2188 (2006) Alters our understanding of the <u>bedrock</u> procedural elements essential to the fairness of a proceeding because all petitioners ordered by Supreme Court have a right to a fair trial. This is federal and state law. Evaluating the strength of only one party's evidence B-1 no logical conclusion can be reached regarding the strength of contrary evidence offered by the state, to a jury.

The record is clear it indicates that inconsistent statements were made against A-46.

The whole proceeding was prejudice because error indefinably had a negative impact. Evidence pursuant to A-46 was strong enough that it's presence heard would tilt a jurors mind.

This puts the whole trial proceeding in a different light.

Petitioner was deprived of a meaningful opportunity to present a complete defense.

The absence of facts that are prerequisites for the sentence given to the petitioner deprives the probative force of relevant evidence that either wrongly excluded or unavailable. No reasonable juror would have found him guilty beyond a reasonable doubt.

A fundamental Miscarriage of Justice will result if claims are not heard.

Petitioner has a right to impeach credibility of an adverse witness by introducing evidence that witness made inconsistent testimony against A-46 This puts the whole case in a different light the record shows inaccurate statements.

Com V Neff 24 A2d 734 149 Pa Supee

Only watershed procedural rules are
given retroactive effect so as to apply
to convictions and sentences that have
become final after direct appeal.
See id at 2523

In order to qualify as watershed rule
of criminal procedure such as may be
applied retroactively on collateral review
new rule announced in Supreme Court
decision must meet two requirements.

First- The rule must be necessary to prevent
an impermissibly large risk of an inacc-
urate conviction.
Second- The rule must alter our under-
standing of the bedrock procedural
elements essential to the fairness of
a proceeding.

Holmes v South Carolina 126 S. Ct 1727
(2006) Must be necessary to prevent
an impermissibly large risk of an
inaccurate conviction because 5th 6th
and 14th Constitution Amendments of
the United States can be protected and
enforced by law. Therefore petitioner
has an inalienable right to a meaningful
opportunity to present a complete

defence. Petitioner _must_ be given his
guaranteed constitution protection
against an impermissibly large risk
of an inaccurate conviction. A meaningful
opportunity to present a complete defense,
the absence of facts that are prereq-
uisites for the sentence given to the
petitioner deprives the probative
force of relevant evidence that was
either wrong excluded or unavailable.
No reasonable juror would have found
him guilty beyond a reasonable doubt
if petitioner was not deprived of a
meaningful opportunity to present a
complete defense pursuant to 5th 6th
and 14th Constitution Amendments, that
were infringed. A fundamental Miscarr-
iage of Justice will result if claims
are not heard

Holmes V South Carolina 126 S. Ct 1727
(2006) The rule alters our understanding
of the _bedrock_ procedural elements
essential to the fairness of a proceeding
because the state's exclusion of the
evidence denied the petitioner a fair
trial by infringing on his right to present
a complete defense, whether rooted
directly in Due Process clause of the
Fourteenth Amendment or in the Com-
pulsory Process or Confrontation Clauses

26

of the Sixth Amendment the Const-
itution guarantees criminal petitioners
a meaningful opportunity to present
a complete defense.
The absence of facts that are prereq-
uisites for the sentence given to the
petitioner deprives the probative force
of relevant evidence that was either
wrongly excluded or unavailable
No reasonable juror would have found
him guilty beyond a reasonable doubt.
A fundamental Miscarriage of Justice
will result if claims are not heard.

27

## Conclusion

Petitioner has a guaranteed right to a meaningful opportunity to present a complete defense. Federal and State Constitutions were violated. Sentence imposed infected constitutional statutory limits. Overwhelming evidence has been shown manifest on it's face that evidence introduced at trial was insufficient to sustain the verdict. Federal and State constitutions were violated pursuant to 5th, 6th and 14th Amendments.

State Courts interference with the orderly administration of law and justice as by giving false information to withhold petitioners liberty. Petitioner has shown overwhelming evidence that his Constitution guaranteed rights have been violated. A fundamental Miscarriage of Justice will result if 5th, 6th and 14th Amendments are not given entitlement

The record and law clearly shows petitioners case (sentence) should be vacated.

28    Kerem Epperson

4/24/08

## Certificate of Service

I, _Kevin S. Epperson_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Memorandum of Law_

_____ upon the following

parties/person (s):

TO: _Clerk of the Court_          TO: _____

_844 King Street_                      _____

_Lock Box 18_                          _____

_Wilm, Del 19801_                      _____

_____                  _____


TO: _Office of Attorney General_     TO: _____

_Carvel State office Bldg_             _____

_820 N French St_                      _____

_Wilm Del 19801_                       _____

_____                  _____



BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.


On this _24th_ day of _April_ _____ ,200 _8_

_Kevin Epperson_