IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN EPPERSON,                )
                               )
      Petitioner,           )
                               )
v.                             )   Civil Action No. 08-240-SLR
                               )
PERRY PHELPS, Warden, and      )
ATTORNEY GENERAL OF THE        )
STATE OF DELAWARE,             )
                               )
      Respondents.          )

## ORDER

At Wilmington this 2nd day of June, 2008;

IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis is **GRANTED** for the limited purpose of this order. (D.I. 1)

2. Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** as second or successive. (D.I. 2) The instant application is petitioner's fourth habeas challenge to his 1996 conviction and sentence as an habitual offender for first degree kidnaping and second degree unlawful sexual conduct. See Epperson v. Carroll, 2004 WL 1588290 (D. Del. July 14, 2004). This application constitutes a second or successive habeas petition for the purposes of 28 U.S.C. § 2244 because it does not challenge conduct that occurred subsequent to the filing of petitioner's earlier applications. See Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d

Cir. 2005). The record reveals that petitioner filed the instant application without first obtaining permission from the Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(b)(1). Therefore, the court does not have the authority to review the application. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

    3. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2.

    4. The clerk is directed to close the case.

_____
United States District Judge